

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John E. Taylor
Chief Supervisor
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-956
Re: Necessity of publication
of certain orders of the
Railroad Commission be-
fore a criminal prosecu-
tion can be maintained
for their violation.

We have your letter of June 9, 1939, with three exhibits attached referred to therein as Exhibit "A", Exhibit "B", and Exhibit "C".

Exhibit "A" is a copy of a statewide order of the Railroad Commission of Texas fixing the allowable production of crude oil in the various oil fields and districts of Texas.

Exhibit "B" is a copy of a proration schedule of the Commission fixing the allowables of the individual wells located on the leases therein shown, in the particular oil fields designated and described in the statewide order.

Exhibit "C" is a copy of an order of the Commission putting into effect the proration schedule above referred to.

You request our opinion in reference to the above mentioned exhibits, upon the following questions:

"1. Is it necessary to publish each of the Orders and Schedules hereinbefore referred to; namely, "Exhibit A," "Exhibit B," and "Exhibit C," being the Statewide Order, Proration Schedule and the Order putting the schedules into effect, in order to en-



force the Penal provisions of the stat-
ute which prohibit the production of
oil from a well in excess of the amount
of production allotted to the well under
the Orders referred to immediately above?

"2.   Should it be held that the pub-
lication of either the Orders or Sched-
ules is not necessary for the purpose
mentioned in Question No. 1, then please
advise which of same fall within that cat-
egory."

In order to avoid confusion, we will state at
the outset that the proration schedule referred to as Ex-
hibit "B" in your letter is referred to as Exhibit "A" in
the order putting said schedule into effect, said order be-
ing referred to as Exhibit "C" in your letter.

Our examination of the three exhibits submitted
in your letter brings us to the conclusion that Exhibit
"A", being the statewide proration order, is a self exe-
cuting order, that Exhibit "B", referred to as Exhibit "A"
in your Exhibit "C", is a proration schedule not self exe-
cuting, and that Exhibit "C" is an order putting Exhibit
"B" into force and effect.

Having reached this conclusion it is our opinion
that each of the foregoing orders and schedules are neces-
sary to put into effect the allowables of the oil fields
of the State of Texas, and the individual wells located on
the leases therein.

We will now take up the statutes pertinent to
your inquiry.

Article 111fb, Section 7a, Vernon's Annotated
Penal Code, provides as follows:

"Sec. 7a.   It shall be unlawful for
any person, as defined in this Act, own-
ing, leasing, operating, producing, or
controlling any oil property or oil well
within this State to produce or cause to
be produced on any day from any such oil
property or oil well any oil in excess
of the amount allowed to be produced per
day from any such oil property or oil



well under any order or orders of the Gov-
ernmental Agency, theretofore promulgated
and in force at the time."

Article 1112b, Section 8a, Vernon's Annotated
Penal Code, provides as follows:

"Sec. 8a. Whenever the Government-
al Agency shall have adopted any rule or
regulation under the power conferred by
this Act, such Governmental Agency shall
publish in three (3) newspapers of gen-
eral circulation in the State of Texas
(such newspapers to be selected by said
Governmental Agency), once each day for
three (3) consecutive days a complete
copy of such rule and regulation and on
and after the 7th calendar day after the
date of the last publication, such rule,
regulation or order shall become effec-
tive and enforceable. Notice of any
amendment, repeal, alteration or modifi-
cation of such order may be similarly
promulgated and will become similarly
effective after similar notice."

Article 1112b, Section 9, Vernon's Annotated
Penal Code, provides as follows:

"Sec. 9. Any person who shall vio-
late any of the provisions of Section 5,
5a or 5b of this Act, or any person who
shall fail to comply with any of the
provisions of said Sections of this Act,
shall be guilty of a misdemeanor, and
upon conviction thereof shall be subject
to a fine of not exceeding Five Hundred
($500.00) Dollars, or by imprisonment in
the county jail not exceeding six (6)
months, or by both such fine and impris-
onment. Any person who shall violate
any other of the provisions of this Act,
or any person who shall fail to comply
with either of the other terms of this
Act, or any person who shall fail to
comply with the terms of any rule, regu-
lation or order adopted and promulgated
by the Governmental Agency under the

terms of this Act, or any person who
shall violate either of the rules, regu-
lations or orders of such Governmental
Agency adopted under the provisions of
this Act, shall upon conviction be deem-
ed guilty of a felony, and upon convic-
tion shall be punished by confinement in
the State Penitentiary for a term of not
less than two (2) nor more than four (4)
years."

Article 6066a, Section 5, Vernon's Annotated
Civil Statutes, provides as follows:

"Sec. 5. Whenver the Commission
shall have adopted, after notice and
hearing as provided under other stat-
utes of the State, any rule, regula-
tion or order pursuant to any statute
of this State, no criminal action shall
be maintained against any person involv-
ing the violation of any provision of
such rule, regulation or order, until
the Commission shall have promulgated
such rule, regulation or order by pub-
lishing a complete copy of same in
three (3) newspapers of general circu-
lation in the State of Texas (such news-
papers to be selected by said Commis-
sion) once each day for three (3) con-
secutive days, and on and after the sev-
enth (7th) day after the date of the
last publication such rule, regulation
or order shall be effective and enforce-
able in any criminal action, brought
pursuant to this Act. No criminal ac-
tion shall be maintained against any
person involving the violation of any
provisions of any amendment or modifi-
cation of any order of the Commission
until the Commission shall have promul-
gated such amendment or modification
after its adoption by publishing a com-
plete copy of such amended or modified
rule, regulation or order in three (3)
newspapers of general circulation once
each day for three (3) consecutive days,
and, on and after the seventh (7th) cal-
endar day of the last publication, such

Honorable John E. Taylor, Page 5

amendment or modification of such rule, regulation or order shall become effective and enforceable in any criminal action brought pursuant to this Act. However, the absence of promulgation by publication as herein provided shall not affect the enforcement of any order of the Commission in any civil or quasi civil action brought pursuant to this Act or to any statute of this State."

From a perusal of the foregoing statutes it is clear that both Section 8a of Article 1112b, Vernon's Annotated Criminal Statutes, and Section 5 of Article 6066a, Vernon's Annotated Civil Statutes, makes a publication of the rules, regulations and orders of the Commission as provided for in said statutes mandatory before a criminal prosecution can be maintained for their violation.

This being true, it is apparent that our answer to your first question is that it is necessary to publish each of the orders and schedules referred to in your letter as Exhibit "A", Exhibit "B", and Exhibit "C" in order to maintain a criminal prosecution for production of oil from a well or wells in excess of the amount alloted to the well or wells under the orders and schedules above referred to.

Our answer to your first question removes the necessity for answering your second question.

For a judicial construction of Article 6066a, Section 5, Vernon's Annotated Civil Statutes, see Carter vs. State, 116 S.W. (2d) 371.

Trusting that the above satisfactorily answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
E. R. Simmons
Assistant

Approved
Wm P. Hart

APPROVED SEP 20, 1939

ERS:FG

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY